UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARVIN BADA, | Civil No.: 18cv02916JAH |
| --- | --- |
| Petitioner, | Criminal No.: 10cr02290 JAH |
| v. | **ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255 AS UNTIMELY AND DENYING A CERTIFICATE OF APPEALABILITY** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Israel Ornelas, proceeding *pro se*, filed a motion challenging his sentence under 28 U.S.C. section 2255. Respondent filed a response and Petitioner filed a reply. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DISMISSES Petitioner's motion as untimely.

## BACKGROUND

On June 10, 2010, Petitioner was charged with one count of knowingly and intentionally distributing 3,4-Methylenedioxymethamphetamine ("MDNA"), commonly known as "Ecstasy" resulting in death in violation of Title 21 United States Code sections 841(a)(1) and (b)(1)(C) (count 1) and four counts of knowingly and intentionally distributing tablets of Ecstasy in violation of Title 21 United States Code section 841(a)(1)

1

(counts 2-5). On December 17, 2010, Petitioner pled guilty to count 1 of the indictment pursuant to a plea agreement. *See* Doc. Nos. 23, 28. At the change of plea hearing, Petitioner admitted knowingly and intentionally distributing Ecstasy to the decedent, Laura Yvonne Luna, and admitted the government could prove at trial beyond a reasonable doubt that the decedent died after ingesting the Ecstasy and as a result of using the substance. Court Transcript at 12:8-22 (Doc. No. 44)

On May 16, 2011, this Court sentenced Petitioner to 240 months imprisonment followed by three years of supervised release. Judgment (Doc. No. 36). Petitioner filed the instant motion seeking to vacate or modify his sentence on October 16, 2018. Respondent filed an opposition and Petitioner filed a reply.

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## DISCUSSION

Petitioner moves to vacate or modify his sentence asserting he cannot be liable under the penalty enhancement provision of section 841(b)(1)(C) because there is insufficient evidence that his distribution of the drug caused the decedent's death, he was denied effective assistance of counsel and the government failed to comply with its obligations under *Brady* and *Giglio*.

Respondent argues the motion, which was filed more than six years after the judgment became final, is barred by the statute of limitations. A motion brought under section 2255 must be filed within one year of the date the conviction becomes final. 28 U.S.C. § 2255(f). Petitioner invokes the "miscarriage of justice" exception to the limitations period bar for actual innocence. A credible showing of actual innocence works as an exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392

(2013). To show actual innocence, Petitioner must demonstrate, through reliable new evidence, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner maintains, after learning about the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014), in September 2017, he contacted his attorney several times and requested documents and discovery items but did not receive them until "[s]ometime in early 2018." Reply at 9. He contends he learned he is actually innocent of the crime for which he was convicted through the documents he received from his attorney. Specifically, he contends there is insufficient evidence to support, beyond a reasonable doubt, that his involvement in the distribution of Ecstasy to the decedent independently caused her death as required under *Burrage*. He argues the medical examiner who determined the decedent's cause of death focused primarily on statements from law enforcement and hospital staff in making his or her determination. He contends there is no mention of what samples were taken from the decedent and to which laboratory they were sent, there is no information as to what other drugs were tested for, and he maintains the delay in testing could result in an inaccurate result.

Respondent argues Petitioner cannot credibly dispute the pills he sold the decedent were the but-for cause of her death because the Chief Medical Examiner determined the cause of her death was Ecstasy and there was no evidence that any other substance in the decedent's system could have caused her death.

Petitioner's new "evidence" amounts to his speculation, after reviewing the documents supplied by his attorney, that the medical examiner's determination of the cause of death was erroneous. He provides no information regarding the documents he received and reviewed. His reply includes a copy of a letter to his attorney dated November 30, 2017 in which he requests copies of the docket, indictment, plea agreement, change of plea transcript, sentencing papers, presentence report and sentencing transcript. However, none of these documents, which are a part of the record in this matter, qualify as new evidence. Furthermore, Petitioner does not discuss how these specific documents support his claim

of actual innocence or if these are the documents to which he refers in his motion and reply. There is no showing of reliability. As such, Petitioner does not meet the requirement to furnish new, reliable evidence to show actual innocence. *See Schlup*, 513 U.S. at 324. Petitioner fails to demonstrate he is entitled to an exception to the statute of limitations. Accordingly, his petition is barred as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence (Doc. No. 37) is **DISMISSED as untimely**;

//

2.  Petitioner is **DENIED** a certificate of appealability.

DATED: November 12, 2021

_____
JOHN A. HOUSTON
United States District Judge